IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No. 04-2 Erie |
| ) | |
| KELLY ELIZABETH MUNNINGS ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO VACATE JUDGMENT PURSUANT TO 18 U.S.C. § 2255**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

**I.   FACTS**

In 2003, the Drug Enforcement Administration (DEA) began investigating a clandestine methamphetamine lab located at 18329 State Highway Route 18, Conneautville, Pennsylvania. The DEA developed information that methamphetamine was being produced in a makeshift tent or lean-to structure located in the woods on the five-acre parcel that contained the residence at 18329 State Highway Route 18. (Sent. Tr. 11/22/04, p. 6). Investigators determined that the residence and property had been purchased by Kelly Munnings and Daniel Hines via Ms. Munnings using another person's identity. (Sent. Tr. 11/22/04, p. 8). During the course of the investigation, law enforcement officers conducted surveillance of the makeshift structure and observed Mr. Hines and

Ms. Munnings manufacturing methamphetamine. (Sent. Tr. 11/22/04, p. 7).

With this information, law enforcement officers obtained a federal search warrant and conducted a search of the property on October 15, 2003. (Sent. Tr. 11/22/04, p. 6). In addition to the methamphetamine lab in the makeshift structure, investigators also discovered quantities of methamphetamine and numerous firearms throughout the residence, including 24 long guns and 8 handguns. (Sent. Tr. 11/22/04, p. 10, 14-15). Two of the handguns, one of which was loaded, were found on top of a night stand in the loft bedroom shared by Mr. Hines and Ms. Munnings. (Sent. Tr. 11/22/04, pp. 14-15). Inside the night stand, investigators found two more pistols, and in the general loft area, they found a Bersa handgun. (Sent. Tr. 11/22/04, p. 13-14, 16). The remainder of the guns were found throughout the residence, in the living room, in a gun cabinet, laying on the couch, and propped up against the walls in various places. (Sent. Tr. 11/22/04, p. 14-17).

## II. PROCEDURAL HISTORY

On January 13, 2004, the defendant, Ms. Munnings, and her co-defendant, Mr. Hines, were indicted by a federal grand jury and charged with methamphetamine-related offenses.[1] On August 25,

---

[1] While, co-defendant Hines was charged at Count One with conspiracy to possess with intent to distribute and distribute fifty grams or more of methamphetamine, at Count Two with manufacturing fifty grams or more of methamphetamine, at Count Three with possessing with intent to distribute fifty grams or more

2004, pursuant to a plea agreement, Ms. Munnings pled guilty to Count One of the Indictment, charging her with conspiracy to possess with intent to distribute and distribute fifty grams or more of methamphetamine.

In preparation for sentencing, the U.S. Probation Office prepared a Presentence Report (PSR). At Paragraph 31 of the PSR, Ms. Munnings' base offense level was increased by two levels for possessing firearms during the charged conduct, bringing Ms. Munnings' total offense level to 31. With a criminal history category of III, the Sentencing Guidelines called for a range of imprisonment from 135 to 168 months.

Prior to and at the time of her sentencing, Ms. Munnings' appointed counsel, Stephen Misko, objected to the two-level enhancement arguing that it did not apply to Ms. Munnings. On the morning of sentencing, Attorney Misko also raised an objection based on <u>Blakely</u>. (Sent. Tr., 11/22/04, p. 4). This Court rejected Ms. Munnings' arguments and found that the government sufficiently proved the factual basis required to apply the two-level enhancement. On November 22, 2004, this Court sentenced Ms. Munnings, within the Guidelines range, to 140 months imprisonment followed by five years of supervised release.

---

of methamphetamine, at Count Four with possessing ephedrine with the intent to manufacture methamphetamine, and at Count Five with possessing pseudoephedrine with intent to manufacture methamphetamine, Ms. Munnings was only charged at Count One.

On behalf of Ms. Munnings, Attorney Misko filed a timely appeal to the Third Circuit Court of Appeals, which was docketed at No. 04-4512. Attorney Misko filed a motion for summary remand requesting remand to the district court for re-sentencing in light of the Supreme Court's decision in United States v. Booker,[2] which was decided after the filing of Ms. Munnings' appeal. The Third Circuit determined that the sentencing issues raised by Ms. Munnings would best be determined by the District Court in the first instance. Accordingly, the Third Circuit vacated Ms. Munnings' sentence and remanded for re-sentencing in accordance with Booker.

On August 2, 2005, a re-sentencing hearing was held before this Court. This Court maintained that for the same reasons stated at the original sentencing hearing, the firearms enhancement was appropriate. Ms. Munnings was re-sentenced to 135 months of incarceration, five months less than her original sentence, and within the advisory Sentencing Guidelines range. (Re-Sent. Tr. 8/2/05, p. 20).

After her re-sentencing, Ms. Munnings did not file an appeal to the Third Circuit. Rather, on July 10, 2006, acting *pro se*, Ms. Munnings filed the Motion to Vacate Judgment currently pending

---

[2] 543 U.S. 220 (2005).

before this Court.[3]

**III. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. The court may dispose with the necessity of a hearing if the motion and the files and records "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also, United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994)(quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).

**IV. ARGUMENT**

**A. Timeliness**

When a prisoner does not take a direct appeal from her conviction, the conviction becomes final when the time for filing a notice of appeal expires. See Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004); Wims v. United States, 225 F.3d 186, 188 (2d Cir. 2000). When a case is remanded to the district court for further proceedings, such as for re-sentencing,

---

[3] Ms. Munnings Motion to Vacate Judgment is identical to the Motion to Vacate Judgment previously filed by Mr. Hines, which is currently pending before this Court and scheduled for an evidentiary hearing on September 29, 2006.

that could result in additional appellate review, the defendant's judgment of conviction becomes final only upon exhaustion of appellate review following the remand. Thus, the defendant may timely file a Section 2255 motion within one year of the exhaustion of appellate review following the remand, and he may use that Section 2255 motion to attack all aspects of his judgment, including aspects that were affirmed in the initial appeal. See United States v. Dodson, 291 F.3d 268, 274-276 (4th Cir. 2002); see also Walker v. Crosby, 341 F.3d 1240, 1246 (11th Cir. 2003).

In the present case, Ms. Munnings was re-sentenced after remand on August 2, 2005. Her conviction became final on August 16, 2005, when she failed to exercise her right to a direct appeal to the Third Circuit. Thus, Ms. Munnings had until August 16, 2006, to file a timely Section 2255 motion. As Ms. Munnings filed her motion on July 28, 2006, it appears that it is timely.

**B.   Cognizable Claim**

Ms. Munnings submits that her counsel was ineffective for failing to file an appeal after her re-sentencing. Ms. Munnings believes she should have received a more significant reduction in her sentence upon re-sentencing pursuant to Booker. Thus, Ms. Munnings' argument relates solely to her sentencing.

Although a Sentencing Guidelines error is not automatically a basis for relief under 28 U.S.C. § 2255, if the claim is repackaged as one of ineffective assistance of counsel, it becomes a

constitutional claim. Cofske v. United States, 290 F.3d 437, 439 (1st Cir. 2002); cf. Glover v. United States, 531 U.S. 198 (2001) (reversing denial of Section 2255 motion claiming that defense counsel was ineffective in failing to argue that defendant's offenses should be grouped for purposes of calculating offense level under the Guidelines). A challenge to the efficacy of counsel is appropriately raised on collateral review, and it is therefore properly before this Court. United States v. DeRewal, 10 F.3d 100, 103 (3d Cir. 1993). However, such claims must still meet the "rigorous standard" of Strickland v. Washington, 466 U.S. 668 (1984). Kimmelman v. Morrison, 477 U.S. at 381.

**C. The Strickland Standard**

A defendant claiming ineffective assistance of counsel must satisfy the two-pronged test announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To do so, the defendant must show "(1) his or her attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms, and (2) there is a 'reasonable probability that, but for counsel's unprofessional errors, the result would have been different.'" United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992)(quoting Strickland, 466 U.S. at 687-96). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Review of an ineffective assistance claim begins with a

"strong presumption" that counsel's performance was reasonable. <u>Strickland</u>, 466 U.S. at 689. "The defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" <u>Id.</u> at 689; <u>United States v. Kauffman</u>, 109 F.3d 186, 189-90 (3d Cir. 1997). Indeed, "[i]t is [] only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." <u>United States v. Gray</u>, 878 F.2d 702, 711 (3d Cir. 1989).

The "deficiency" prong asks whether counsel's conduct "fell below an objective standard of reasonableness" viewed as of the time it occurred. <u>Strickland</u>, 466 U.S. at 688, 690; <u>Gray</u>, 878 F.2d at 711. The "prejudice" prerequisite asks whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694; <u>United States v. Headley</u>, 923 F.2d 1079, 1083 (3d Cir. 1991). In order to meet her burden, Ms. Munnings must satisfy both of the <u>Strickland</u> prongs.

The Third Circuit directly addressed the issue of counsel's failure to file an appeal in <u>Solis v. United States</u>, 252 F.3d 289 (3rd Cir. 2001). Therein, after pleading guilty to narcotics violations, the defendant expected that the "safety valve"

provision[4] would apply to him.  However, at sentencing, the court determined that it did not apply and the defendant was sentenced to a mandatory minimum of ten years' incarceration.  The defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 alleging, *inter alia*, that his attorney was ineffective for failing to file a direct appeal as he requested.

As required, the Third Circuit analyzed the defendant's claim in the context of Strickland.  With respect to the objectively reasonable standard, the Court stated:

> [C]ounsel has a "constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."

Solis, 252 F.3d at 293 (citing Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)).  Regarding prejudice, the Third Circuit stated that it is presumed where counsel fails to file a notice of appeal upon his client's request.  Solis, 252 F.3d at 293-94 (citation omitted).

However, the issue is not predetermined upon a defendant's mere allegation of ineffective assistance of counsel.  As held by the Third Circuit, if a defendant's allegations are contradicted conclusively by the record or if the defendant's allegations are

---

[4] The "Safety Valve" provision in 18 U.S.C. §3553(f) provides that statutory minimum sentences do not apply to defendants who meet specific enumerated requirements within the statute.

9

patently frivolous, a defendant is not entitled to a hearing and the court may make its determination based upon the record. Solis, 252 F.3d at 295 (citations omitted).  On the other hand, if there is a potential factual dispute as to counsel's efficacy in this regard, then the defendant is entitled to a hearing to allow the defendant to prove that he requested that his attorney file and appeal and his attorney failed to comply with the request.  Id.

In this case, the record does not conclusively prove or disprove Ms. Munnings' assertion, and therefore, a factual dispute exists as to the efficacy of Ms. Munnings' counsel.  Accordingly, the Government submits that an evidentiary hearing is necessary to resolve the factual dispute.[5]

---

[5] Although the Government believes that the issues Ms. Munnings wishes to raise in a direct appeal to the Third Circuit are meritless, and thus there can be no prejudice to Ms. Munnings even if her counsel failed to honor her request to appeal, the Third Circuit has rejected this argument, finding that § 2255 requires a hearing precede any District Court determination of a disputed issue of fact concerning the defendant's entitlement to relief.  Solis, 252 F.3d at 294.

**V.     CONCLUSION**

WHEREFORE, the Government respectfully requests this Court to schedule an evidentiary hearing with respect to the defendant's motion to vacate judgment pursuant to 18 U.S.C. § 2255.

```
                              Respectfully submitted,

                              MARY BETH BUCHANAN
                              United States Attorney


                               /s/ Marshall J. Piccinini
                              MARSHALL J. PICCININI
                              Assistant U.S. Attorney
                              PA ID No. 56362
```