# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :    CRIMINAL DIVISION

                                      :    Criminal No. 04-02 ERIE

         v.                :

                                        :

KELLY ELIZABETH MUNNINGS    :

                                        :    SUPPLEMENTAL
                                        :    OBJECTIONS TO
                                        :    PRESENTENCE
                                        :    INVESTIGATION REPORT
                                        :    WITH CITATION OF
                                        :    AUTHORITY
                                        :

RECEIVED

NOV 2 2 2004

CLERK U.S. DISTRICT
WEST. DIST. OF PE.

Filed on behalf of Defendant,
Kelly Elizabeth Munnings

       :    Counsel of Record for this Party:
       :

Stephen M. Misko, Esquire
PA I.D. NO. 59999

RECEIVED

NOV 2 2 2004

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

       :    106 S. Main Street, Suite 704
       .    Butler, Pennsylvania 16001

       :    (724) 284-9400
       :    FAX 284-9402

DEFENDANT'S
EXHIBIT
B

DEFENDANT'S B
EXHIBIT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :  CRIMINAL DIVISION

: Criminal No. 04-02 ERIE

v. :

:

:

KELLY ELIZABETH MUNNINGS :

## SUPPLEMENTAL OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT WITH CITATION OF AUTHORITY

AND NOW, comes the Defendant, Kelly Elizabeth Munnings, by and through her

attorney, Stephen M. Misko, Esquire, and respectfully files the following Supplemental

Objections to the Presentence Investigation Report in reply to Government's response, in

accordance with the United States Sentencing Guideline (U.S.S.G.) Manual, 6A1.2:

### PART A.    THE OFFENSE

**Offense Level Computations**

**31.    Specific Offense Characteristic:**

The Defendant previously objected to a 2-level increase for possession of a dangerous weapon, based on the fact that Munnings personally possessed no firearms when she was arrested in the attic. In addition, investigators previously concluded that co-defendant Daniel Hines had purchased shotguns, rifles and handguns.

The Defendant, however believes and therefore avers that any increase in punishment, i.e., from a guideline sentence of 108 – 135 months to 135 – 168 months, based upon an upward departure for possession of firearms is unconstitutional. Count one of the Indictment contains no language or statute relating to the possession of firearms during the course of the drug conspiracy. In addition, the Defendant entered a change of plea as it related only to the drug conspiracy and did not admit possessing or having knowledge of the firearms at the time of her arrest or thereafter.

While the Government's assertion that **Blakely v. Washington, 124 S.Ct. 2531 (2004)** does not apply the federal sentencing guidelines is correct from a procedural standpoint, its reasoning however is flawed. **Blakely** and its predecessor, **Apprendi v. New Jersey, 530 U.S. 466, 147 L.Ed. 2d 435, 120 S.Ct. 2348 (2000)**, stand for the proposition that "'. . . any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' The relevant statutory maximum for *Apprendi* purposes is the maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." **Blakely at 2533.** "'. . . the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' Bishop, *supra*, § 87, at 55, and the judge exceeds his proper authority." **Id** at 2542.

How are the federal sentencing guidelines any different than the Washington State guidelines in light of **Apprendi** and **Blakely**? The fact of the matter is that, based upon her Criminal History Category and the stipulated drug amount, Elizabeth Munnings was looking at a statutory maximum of 10 years, pursuant to 21 U.S.C. § 841(b)(1)(A), and a guideline sentence of 108 – 135 months. The 2-level increase for possession of a dangerous weapon, pursuant to U.S.S.G. § 2D1.1(b)(1), clearly increases the penalty beyond the prescribed statutory maximum. This enhancement can only be applied by the court "after finding additional facts" in contravention of Blakely.

Justice **Scalia** stated for the majority, "[o]ur commitment to *Apprendi* in this context reflects not just respect for longstanding precedent, but the need to give intelligible content to the right of jury trial. That right is no mere procedural formality, but a fundamental reservation of power in our constitutional structure. Just as suffrage ensures the people's ultimate control in the legislative and executive branches, jury trial is meant to ensure their control in the judiciary." **Id at 2549.**

For the above additional reasons, the Defendant respectfully requests that this Honorable Court impose the statutory maximum of 120 months.

Respectfully submitted,

Stephen M. Misko, Esquire
Attorney for Kelly E. Munnings

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :     CRIMINAL DIVISION

                           :     Criminal No. 04-02 ERIE

            v.             :

                           :

KELLY ELIZABETH MUNNINGS     :

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **Supplemental Objections to Presentence Investigation Report with Citation of Authority** was served by Personal Service, on the following parties, on this the 22nd day of November, 2004:

> The Honorable Sean J. McLaughlin
> Judges Chambers, Courtroom C
> 17 South Park Row, Second Floor
> Erie, Pennsylvania 16501

> Marshal Piccinini, Esquire
> United States Attorney's Office
> 17 South Park Row, Room A330
> Erie, Pennsylvania 16501

*814 452 2906*

> Stephen A. Lowers
> United States Probation Officer
> 17 South Park Row, Room A110
> P.O. Box 1598
> Erie, Pennsylvania 16507-059

 

_____
**Stephen M. Misko, Esquire**
**Attorney for Kelly E. Munnings**