IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | AMEMDED JUDGMENT INCLUDING SENTENCE UNDER THE SENTENCING REFORM ACT |
| V. | |
| KELLY ELIZABETH MUNNINGS | Case Number CR 04-2 Erie |
| | STEPHEN M. MISKO Defendant's Attorney |

THE DEFENDANT:
  __x__  pleaded guilty to count(s) _1_ .
  ____  was found guilty on count(s) _ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title and Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) | Conspiracy to manufacture, possess with intent to distribute and distribute fifty (50) grams or more of methamphetamine | October 15, 2003 | One (1) |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

  ____  The defendant has been found not guilty on count(s) _ and is discharged as to such count(s).
  ____  Count(s) (is) (are) dismissed on the motion of the United States.
  ____  The mandatory special assessment is included in the portion of this Judgment that imposes a fine.
  __X__  It is ordered that the defendant shall pay to the United States a special assessment of $100.00 , which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

66268-061
Defendant's USM No.

November 22, 2004
Date of Imposition of Sentence

*[signature]*
Signature of Judicial Officer
U.S. District Judge

November 30, 2004
Date

CERTIFIED FROM THE RECORD
Date 12-1-04
ROBERT V. BARTH, JR., CLERK
By J. Paulet
Deputy Clerk

DEFENDANT'S EXHIBIT C

Defendant: Kelly Elizabeth Munnings          Amended Judgment--Page 2 of 7
Case Number: CR 04-2 Erie

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 140 months.

\_\_ The Court makes the following recommendations to the Bureau of Prisons:


X  The defendant is remanded to the custody of the United States Marshal.
\_\_ The defendant shall surrender to the United States Marshal for this district,

　　\_\_ at \_ on \_.

　　\_\_ as notified by the Marshal.

\_\_ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

　　\_\_ before 2 p.m. on \_.
　　\_\_ as notified by the United States Marshal.
　　\_\_ as notified by the Probation Office.


## RETURN

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

_____ at _____

with a certified copy of this Judgment.

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　United States Marshal

　　　　　　　　　　　　　　　　　　　　　　By_____
　　　　　　　　　　　　　　　　　　　　　　Deputy Marshal

Defendant: Kelly Elizabeth Munnings      Amended Judgment--Page 3 of 7
Case Number: CR 04-2 Erie

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years.

While on supervised release, the defendant shall not commit another Federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

__X__ The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

___ The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

__X__ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

___ The defendant shall cooperate in the collection of DNA as directed by the probation officer.

___ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

___ The defendant shall participate in an approved program for domestic violence.

__X__ Additional conditions: The defendant shall not illegally possess a controlled substance. The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the costs of services for any such treatment in an amount determined by the probation officer but not to exceed the actual cost. The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

For offenses committed on or after September 13, 1994:

__X__ The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

___ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

Defendant: Kelly Elizabeth Munnings  Amended Judgment--Page 4 of 7
Case Number: CR 04-2 Erie

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history of characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**These conditions are in addition to any other conditions imposed by this Judgment.**

DEFENDANT: Kelly Elizabeth Munnings
CASE NUMBER: CR 04-2 Erie
DISTRICT: Western District of Pennsylvania

## STATEMENT OF REASONS
(Not for Public Disclosure)

X   THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS WITHOUT CHANGE.

### OR

☐   THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES: (Use Page 3, if necessary.)

   X   **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level or specific offense characteristics): U.S.S.G. § 2D1.1(b)(1) 2-level increase in offense level for possession of firearm.

   ☐   **Chapter Three of the U.S.S.G. Manual** adjustment determinations by court (including changes to victim-related role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   ☐   **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

☐   THE COURT ADOPTS THE PRESENTENCE REPORT WITH THESE COMMENTS OR FINDINGS (including or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs the presentence report.) (Use Page 3, if necessary.)

**GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

   Total Offense Level: __31__

   Criminal History Category: __III__

   Imprisonment Range: __135__ to __168__ months

   Supervised Release Range: __at least 5 years__ to _____ years

   Fine Range: $ __15,000.00__ to __150,000.00*__

* Court erroneously stated fine range was $15,000.00 to $150,000.00, when in fact fine range is $15,000.00 to $4,000,000.00.
X   Fine waived or below the guideline range because of inability to pay.

☐   THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE DOES NOT EXCEED 24 MONTHS, AND THE COURT FINDS NO REASON TO DEPART.

### OR

X   THE SENTENCE IS WITHIN A GUIDELINE RANGE, THAT RANGE EXCEEDS 24 MONTHS, AND THE SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS: (Use Page 3, if necessary.)

DEFENDANT: Kelly Elizabeth Munnings
CASE NUMBER: CR 04-2 Erie
DISTRICT: Western District of Pennsylvania

# STATEMENT OF REASONS
(Not for Public Disclosure)

**RESTITUTION DETERMINATIONS**

Total Amount of Restitution: 0

☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. **§ 3663A(c)(3)(B)**.

☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

☐ Restitution is not ordered for other reasons:

☐ Partial restitution is ordered under 18 U.S.C. § 3663(c) for these reasons:

**DEPARTURE (Check all that apply)**

☐ The sentence departs <u>below the guideline range</u> for the following reasons; or
☐ The sentence departs <u>above the guideline range</u> for the following reasons:

**Pursuant to a Plea Agreement**
☐ based on 5K1.1 motion of the government based on the defendant's substantial assistance;
☐ based on a government motion pursuant to an early disposition program;
☐ based on a binding plea agreement for departure which the court has accepted (cite below reason, if applicable);
☐ based on a plea agreement which <u>cites the below reason</u> for departure, which the court finds to be justified; or
☐ based on a plea agreement which states that the government will not oppose a defense departure motion and <u>cites the below reason</u>.

**Pursuant to a Motion Not Addressed in a Plea Agreement**
☐ pursuant to a 5K1.1 motion of the government based on the defendant's substantial assistance;
☐ pursuant to a government motion <u>based on the below reason</u> for departure; or
☐ pursuant to a defense motion <u>based on the below reason</u> for departure to which the government has not objected; or
☐ pursuant to a defense motion <u>based on the below reason</u> for departure to which the government has objected.

☐ Other than plea agreement or motion by the parties <u>based on the below reason</u> for departure.

**Reason(s) for Departure**

| | | |
|---|---|---|
| ☐ 4A1.3 Criminal History Adequacy | ☐ 5K2.8 Extreme Conduct | ☐ 5K2.16 Voluntary Disclosure of Offense |
| ☐ 5K2.0 Aggravating or Mitigating Circumstances (explain): | ☐ 5K2.9 Criminal Purpose | ☐ 5K2.17 High-Capacity Semiautomatic Firearm |
| | ☐ 5K2.10 Victim's Conduct | ☐ 5K2.18 Violent Street Gang |
| ☐ 5K2.1 Death | ☐ 5K2.11 Lesser Harm | ☐ 5K2.20 Aberrant Behavior |
| ☐ 5K2.2 Physical Injury | ☐ 5K2.12 Coercion and Duress | ☐ 5K2.21 Dismissed and Uncharged Conduct |
| ☐ 5K2.3 Extreme Psychological Injury | ☐ 5K2.13 Diminished Capacity | ☐ 5K2.22 Age or Health of Sex Offenders |
| ☐ 5K2.4 Abduction or Unlawful Restraint | ☐ 5K2.14 Public Welfare | ☐ 5K2.23 Discharged Terms of Imprisonment |
| ☐ 5K2.5 Property Damage or Loss | | ☐ 5K3.1 Early Disposition, "fast-track" Program |
| ☐ 5K2.6 Weapons and Dangerous | | |
| ☐ 5K2.7 Disruption of Government Function | | |

☐ Other (e.g., 2B1.1 commentary, 5H1.1-5H1.6 or 5H1.11)(explain and state guideline and/or statutory basis). (Use Page 3, if necessary.)

DEFENDANT: Kelly Elizabeth Munnings
CASE NUMBER: CR 04-2 Erie
DISTRICT: Western District of Pennsylvania

## STATEMENT OF REASONS
(Not for Public Disclosure)

**ADDITIONAL PRESENTENCE REPORT AND GUIDELINE APPLICATION CHANGES**
(If necessary.)

**SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS**
(If necessary.)

**ADDITIONAL COMMENTS OR FINDINGS CONCERNING INFORMATION IN PRESENTENCE REPORT**
(If necessary.)

**ADDITIONAL REASONS FOR DEPARTING FROM THE GUIDELINE RANGE**
(If necessary.)

| | | |
|---|---|---|
| Defendant's Soc. Sec. No.: | 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 | November 22, 2004 |
| Defendant's Date of Birth: | 8-27-65 | Date of Imposition of Judgment |
| Defendant's Residence | Erie County Prison | Signature of Judge |
| | 1618 Ash Street | |
| | Erie, PA 16503 | Sean J. McLaughlin, U.S. District Judge |
| Defendant's Mailing | Same as above | Name and Title of Judge |
| | | November 30, 2004 |
| | | Date Signed |