FILE COPY

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

No. 04-4512

UNITED STATES OF AMERICA,
Appellee

v.

KELLY ELIZABETH MUNNINGS
Appellant

## MOTION FOR SUMMARY REMAND

| | |
|---|---|
| 106 South Main Street | Stephen M. Misko, Esquire |
| Suite 704 | PA ID #59999 |
| Butler, PA 16001 | Attorney for Appellant, |
| (724) 284-9400 | Kelly Elizabeth Munnings |





DEFENDANT'S EXHIBIT D

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Appellee | )<br>)<br>) |
| v. | )    Appeal No. 04-4512 |
| | )<br>) |
| KELLY ELIZABETH MUNNINGS<br>Appellant | )<br>)<br>) |

## MOTION FOR SUMMARY REMAND

AND NOW, comes the Appellant, Kelly Elizabeth Munnings, by and through her attorney, Stephen M. Misko, and files this Motion for Summary Remand pursuant to Local Appellate Rule 27.4 and Internal Operating Procedure 10.6, and in support thereof states as follows:

1. Local Appellate Rule 27.4 and Internal Operating Procedure 10.6 specifically empower this Court to remand to the district court for re-sentencing when subsequent precedent warrants such action.

2. Appellant avers and therefore believes, United States v. Booker, 125 S.Ct. 738, 160 L.Ed. 2d 621 (2005), and United States v. Blakely, 125 S. Ct. 2531 (2004) warrants remand by this Court to the District Court for resentencing under LAR 27.4 and IOP 10.6.

3. Appellant was a co-defendant with Daniel Hines, Appeal No. 04-4511.

4. Appellant, age 39, has been using drugs, e.g., LSD, cocaine and marijuana since age 14. She has been a user of and addicted to methamphetamine since 2001.

5. Appellant pled guilty on August 25, 2004 to conspiring with co-defendant Daniel Hines to manufacture, possess with intent to distribute, and distribute fifty (50) grams or more of methamphetamine, a Schedule II controlled substance contrary to the provisions of 21 U.S.C. §§ 841(a)(1), 841(b)(1)!A)(viii), and 846. The parties stipulated that the type and amount of controlled substance involved was 149.7 grams of methamphetamine (actual), which results in a 10 year mandatory minimum sentence under 21 U.S.C. § 846 and 841(b)(1)(A)(viii).

6. Upon review of the PSI, Appellant objected to application of the two-level firearms enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). The firearm was not charged in the indictment nor admitted by the Appellant at her Change of Plea Hearing, nor proved beyond a reasonable doubt (or by a preponderance). Thus the enhancement for its possession could not be applied under Blakely v. Washington.

Further, even without Blakely, the evidence was insufficient to support application of the enhancement. When the firearms were found, eleven people were in the house. Numerous people were seen by law enforcement coming in and out of house before the search warrant was executed. When the Appellant was arrested, she was not in possession of a firearm.

7. The two-level firearm enhancement effectively increases the guideline range from 108-135 months to 135-168 months. Appellant believes and therefore avers that the correct guideline range based on stipulated facts was 32. Subtracting three-levels for acceptance of responsibility and applying a criminal history category III results in a guidelines range of 108-135 months. The statutory mandatory minimum is 120 months, pursuant to 21 U.S.C. § 841(b)(1)(A)(viii).

8. The district court rejected this argument and ruled that the base offense level was 32 under U.S.S.G. § 2D1.11(c)(4) (at least 50 G but less than 150 G of Methamphetamine); however, increased the base offense level by 2 based on its finding (by a preponderance) that a dangerous weapon was possessed, pursuant to U.S.S.G. § 2D1.1(b)(1). That level was reduced by three to reflect acceptance of responsibility.

A base offense level of 31 and a criminal history category of III yielded a sentencing range of between 135 to 168 months. The district court sentenced Appellant to 140 months incarceration, a sentence which exceeded the statutory mandatory minimum of 120 months.

9. In its ruling the district court found that the federal sentencing guidelines remain constitutionally viable after Blakely, and that Blakely did not preclude the court from enhancing a sentence based on factors testified to at sentencing.

10. On January 12, 2005, after Appellant was sentenced and filed her notice of appeal, the United States Supreme Court held that the Sixth Amendment as construed in Blakely v. Washington, applies to the federal sentencing guidelines and is violated when a district court imposes a sentence greater than the maximum authorized by the facts found by the jury or admitted by the defendant. See Booker, Opinion of Stevens, J., at 20. The Booker Court reaffirmed the holding of Apprendi: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Booker, Opinion of Stevens, J., at 6, 11, quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). Blakely clarified that "[T]he 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."* Blakely, 2004 WL 1402697, *4 (emphasis in original).

11. In the second remedial opinion, Justice Breyer declared the Sentencing Guidelines merely advisory.

12. The Booker Court stated clearly that its "holdings – both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act-[must apply] to all cases on direct review." Booker, 2005 WL at *26 (Opinion of Breyer, J.).

13. Further, this remedial scheme applies not only to defendants like Booker whose sentences had been imposed in violation of the Sixth Amendment, but also to those defendants like Booker whose sentences had been imposed in violation of the Sixth Amendment, but also to those defendants like Fanfan whose sentences did not. Booker, Opinion of Breyer, J., at 22.

14. After Booker, a district court is required to impose a sentence that is **"sufficient but not greater than necessary"** to accomplish the specific purposes listed under subsection (a)(2) of 18 U.S.C. § 3553. In making that determination, the sentencing court is required to consider seven factors, number four of which is the Guidelines. Booker, Opinion of Breyer, J., at 18, citing 18 U.S.C.A. § 3553(a).

15. The Appellant was not sentenced by reference to the standards set forth in Booker, and contrary to the standards set forth in Blakely, wherein any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.

16. The Appellant preserved the foregoing sentencing challenge via objections and supplemental objections to the PSI.

17. In light of the foregoing, The Appellant respectfully requests that this Honorable Court grant this Motion for Summary Remand and remand to give the district court, the court vested with sentencing authority, the opportunity to sentence under the scheme set forth in Booker. See, generally, United States v. Reese, No.

03-13117 (11th Cir. Jan. 27, 2005) (vacating previous opinion with respect to defendant's challenge to his sentence, which challenge was raised at sentencing and on appeal, vacating judgment of the district court with respect to the sentence and remanding to the district court for resentencing consistent with the Supreme Court opinions in <u>Booker</u>); <u>United States v. Labastida-Segura</u>, No. 04-1311 (10th Cir. February 4, 2005) (applying remedial holding of <u>Booker</u> to direct appeal where <u>Blakely</u> based objections raised below and sentence did not involve Sixth Amendment violation and concluding that where district court sentenced a defendant under the Guidelines, viewing them as mandatory, remand for resentencing required: "[T]o say that the district court would have imposed the same sentence given the new legal landscape (even after consulting the Sentencing Guidelines in an advisory capacity) places us in the zone of speculation and conjecture....Though an appellate court may judge whether a district court exercised its discretion...it cannot exercise the district court's discretion").

18. This Honorable Court ordered a remand for resentencing in an unpublished opinion in which the defendant raised a <u>Blakely</u> objection to the sentence for the *first* time on appeal:

> The Supreme Court also held that the Booker decision applies to all cases on direct review, and remanded the cases involved in <u>Booker</u> for resentencing. Id. at 769. Accordingly, <u>Booker</u> applies to the case before us. *Having determined that the sentencing issues Mortimer raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in light of* <u>Booker</u>.

6

United States v. Mortimer, unpublished, No. 03-4174 (3d Cir. February 11, 2005) (wherein issued appears have been raised for first time on appeal). If remand for resentencing is required on review for plain error, then remand for resentencing is by necessary implication required where, as here, the issue was preserved below.

19. The government has had no objections to the granting of Motions for Summary Remand for Resentencing filed in similar cases where Booker/Blakely-based sentencing claims were preserved at sentencing. See, e.g., United States v. Demond Beason, No. 04-3886; United States v. Harold Weaver, No. 04-4520.

20. "A summary remand for a specific purpose prior to a determination of the issues presented on an appeal does not deprive this Court of jurisdiction to consider, after the conclusion of the remand proceedings in the District Court, any such issues not resolved or mooted by the District Court's action on remand." United States v. Rashaan Campbell, 2002 WL 1466244 * 2 (3d Cir. 2002) (unpublished).

WHEREFORE, the Appellant respectfully requests that this Honorable Court remand this case to the district court for resentencing in light of United States v. Booker and United States v. Blakely under LAR 27.4 and IOP 10.6.

Respectfully submitted,

_____
Stephen M. Misko, Esquire
Counsel for Appellant,
Kelly Elizabeth Munnings

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Motion for Summary Remand** was sent via first-class U.S. Mail this 1st day of April, 2005 to:

> Christine A. Sanner
> Assistant United States Attorney
> 400 United States Courthouse
> Pittsburgh, Pennsylvania 15219
>
> Kelly Elizabeth Munnings
> Inmate, Crawford County Correctional Facilities
> 2100 Independence Drive
> Saegertown, PA 16433

_/s/ Stephen M. Misko_
**Stephen M. Misko, Esquire**
**Attorney for Appellant**