

**U.S. Department of Justice**

*United States Attorney*
*Western District of Pennsylvania*

---

*U.S. Post Office & Courthouse*
*700 Grant Street*
*Suite 400*
*Pittsburgh, Pennsylvania 15219*        *412/644-3500*

April 12, 2005

Marcia M. Waldron, Clerk
United States Court of Appeals
  for the Third Circuit
U.S. Courthouse
601 Market Street, Room 21400
Philadelphia, PA 19106-1790

    Re:  United States v. Munnings
         <u>Appeal No. 04-4512</u>

Dear Ms. Waldron:

    Please accept this response to appellant Munnings' Motion for Summary Remand dated March 30, 2005. In that motion, Munnings contends that a remand is warranted under <u>United States v. Booker</u>, 125 S.Ct. 738 (2005). For the reasons set forth below, a remand is inappropriate under the circumstances.

    In this case Munnings was charged with conspiring to manufacture methamphetamine in violation of 21 U.S.C. §846. Munnings entered into a plea agreement with the government in which she stipulated that she was responsible for manufacturing 149.7 grams of methamphetamine. This stipulation triggered the application of the 10-year mandatory minimum sentence found at 21 U.S.C. §841(b)(1)(A)(viii).

    The drug stipulation generated a base offense level of 32. This was increased 2 levels pursuant to U.S.S.G. §2D1.1(b)(1), which provides for a 2 level increase where dangerous weapons were possessed. During the investigation of Munnings' drug trafficking activities, law enforcement executed a search at Munnings' residence and meth lab. The agents recovered 1 rifle, 5 shotguns, and 2 handguns from the residence. With allowance for acceptance of responsibility, Munnings' total offense level was 31. The corresponding sentencing guidelines called for a term of imprisonment of 135 to 168 months. The court sentenced Munnings to a term of imprisonment for 140 months- 20 months above the mandatory minimum sentence.



DEFENDANT'S EXHIBIT G

Munnings' Booker claim is waived. She never raised a challenge to the guidelines based on the Sixth Amendment. Issues not raised before the district court are deemed waived for review by an appellate court. This Court should not permit appellants to use Booker as a means of circumventing precedent and rewarding counsel for failing to properly raise and preserve issues for appellate review in the first instance. In this case, Munnings' Objections to the Presentence Report were filed in October of 2004, some four months after the Supreme Court issued the decision in Blakely.

Even if Munnings could raise this claim, she cannot establish plain error. United States v. Vazquez, 271 F.3d 93, 99 (3rd Cir. 2001). Under that standard "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation for judicial proceedings.

In this case, Munnings cannot meet the third and fourth prongs of this test. The sentencing court imposed a sentence of 140 months even though the applicable range permitted a sentence of 135 to 168 months. Accordingly, the district court was well aware that it could have imposed a lower sentence, but chose not to do so.

The government is aware that this Court has remanded a number of cases for resentencing in light of Booker on the basis that the district court is in the best position to address the impact of Booker. See e.g., United States v. Davis, 397 F.3d 173 (3rd Cir. 2005). The instant case, however, does not fall into this category of cases.

In this case, Munnings unsuccessfully challenged the application of the firearms enhancement before the sentencing court. This was the only matter that she could raise primarily because of the drug stipulation contained in the plea agreement. In short, the only thing that Munnings could raise on remand is concerned with the firearms enhancement. Moreover, Munnings' sentence cannot be lower than 120 months because of the applicable mandatory minimum sentence.

In short, a remand in this case would constitute a waste of judicial resources. There is only one issue that can be brought before the sentencing court. This issue, as noted, has been previously litigated. Munnings has also failed to identify any factor not previously cited that could change or influence the sentencing court's earlier decision.

Under these circumstances, a remand is unnecessary and unwarranted.

Very truly yours,

MARY BETH BUCHANAN
UNITED STATES ATTORNEY

Michael Leo Ivory
Assistant U.S. Attorney

cc: Stephen M. Misko, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this letter was mailed on April 12, 2005, via first-class mail, to the following:

>Stephen M. Misko, Esq.
>106 S. Main Street Suite 704
>Butler, PA  16001-5957

_____
MICHAEL LEO IVORY
Assistant U.S. Attorney