AO 243 (Rev. 5/85)

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

# United States District Court

| | |
|---|---|
| **District** Western D. Pa. Erie Div. | |
| **Name of Movant** Kelly Elizabeth Munnings | **Prisoner No.** 66268-061    **Case No.** CRO4-02 Erie |
| **Place of Confinement** FCI Camp B-3 POB "A" Alderson, W. VA 24910 | |

| | |
|---|---|
| UNITED STATES OF AMERICA | V. KELLY ELIZABETH MUNNINGS |
| | (name under which convicted) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack USDC For The Western D. Penna. Erie Div. 17 South Park Row, Erie, Pa. 16501 [Via Judge S.J. McLaughlin]

2. Date of judgment of conviction 11/22/04

3. Length of sentence 140 Mos. Fed. Incarceration Originally[With 5 Mos. Effective later Reduc

4. Nature of offense involved (all counts) Count One: Consp. To Manufact., Poss. W. Int. To Dist. 50g or more of Methamphetamine (Schdl II Control Subst.) viol. of 21 USC § 846

NO OTHER COUNTS LODGED OR DISMISSED

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Pled Guilty To Count One As Cited.

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐    N/A Pled Out Via Plea Agreement

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

**RECEIVED**

**JUL 2 8 2006**

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court_____Filed Direct Appeal to US 3rd Cir. Ct. 21400 US Courthouse
   601 Market St. Phila., Pa. 19106-1790

   (b) Result Via remand, 18 USC 3742(f) (1) and (2) received as per Booker, 125 S. Ct.
   738 (2005) **a net, effective 5 months reduction in sentence** (from 140 mos. to 135)

   (c) Date of result _____
   Date of result: 8/2/05 upon re-sentencing hearing w. Amended Judgement
   issued on 8/4/05

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court _____N/A All_____

       (2) Nature of proceeding _____
       "
       _____

       (3) Grounds raised_____
       "

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐ No ☐
       N/A All

    (5) Result_____
       "

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____
       "

    (2) Nature of proceeding _____
       U.S. DISTRICT COURT
       "
       CLERK

    (3) Grounds raised_____
       "
       '06 JUL 28 AM 9:32

       FILED

-2-

AO 243 (Rev. 5/85)

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

                    N/A All

    (5) Result_____

    (6) Date of result_____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐ No ☐   N/A All   My instant § 2255 action habeas filing
    (2) Second petition, etc.   Yes ☐ No ☐             is my only post-Direct Appeals filing
                                          to date.

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    Not knowing the true ramifications of my then re-sentencing counsel NOT having filed a new Notice Of Appeal on my behalf, I sought advice as to what was the appropriate remedy if any to this dilemma; wherein I returned on Circuit Court ordered remand to have enhancement based points removed from my sentence caluculation and when they were not removed etc. as herein described. Recurring to §2255 filings because such an act as the above refers to prejudicial ineffectiveness of counsel behavior, I file the instant action seeking the re-instatement as based on argumentation of my new, second sentence time Direct Appeal (and later S. Ct. rights should a 2nd Direct fail) rights as should have been exercised upon my then instruction to do so but were not through counsel's poor behavior.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

    (b) Conviction obtained by use of coerced confession.

-3-

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: Citing a combination of the above accepted grounds; (i) & (j)
I was denied my corresponding second new direct appeal following a remand re-sentencing in relation to Booker, etc. via ineffective assistance of

Supporting FACTS (state *briefly* without citing cases or law) counsel.

Via a 18 USC 3742 (f) (1) & (2) summary remand to District court : via Booker, 125 S. Ct. 738 (2005) from the 3rd Cir. Ct. Of Appeals to and for the W.D. Of Pa. (Erie) Div. Court my counsel of record as noted herein after my not having received appropriate reductions in sentence as to the removal of enhancements and my only having received a 5 month net reduction unrelated to same; counsel DID NOT EVEN WITH MY SPECIFIC INSTRUCTION TO DO SO, FILE ANOTHER Direct appeal upon this re-sentence event to my dis-satisfaction as was my right post-August 2, 2005. Nor was I through this same error and lack of counsel to file direct as I requested, then either afforded certiorari opportunities to the Supreme Court following new Direct filings. (Please See Attached; Pages 5,6 ) (My enhancement was for a "gun" under USSG §

B. Ground two: 2D1.1 (b)(1) for two points added to base level.)
Also citing ineffectiveness of counsel in his assistance, even with

the Petitioner's instruction to to so, counsel did not argue his "priors"

Supporting FACTS (state *briefly* without citing cases or law): as impermissible for sentence
calculation usage.

Even with Petitioner's specific instruction to do so, then counsel

did not argue against the usage of all priors for sentence determination via

the principles as contained in the array of : Greer, 4:04-CR-06(CDL) 2005 US D Lexis 2796 as decided; Feb. 17, 2005; Shepard, 125 S. Ct. at 1262; U.S. v. Wash, 404 F. 3d 834, 841-42 (4th Cir. 2005); Glenn, Dkt. No. 04-2394 CR US 2nd Cir. Ct. App. as decided Feb. 3, 2005 . (Please See Attached Page 6)

C. Ground three: 

N/A

Supporting FACTS (state *briefly* without citing cases or law): 

N/A

-4-

**Ground One Continued...**

A.  ...new Direct filings ... Or other like fashion appeals which were
not collateral in nature. i.e. the enhancement prohibitive as to
argument and grounds presentation phase which I am forced to
utilize now due to counsel's ineffectiveness, etc.

The purpose of my aforementioned remand was to deal with
and seek the jury standards review of my then applied sentence
time determinant enhancements as noted. This not to be accomplished
by a judicially confined "preponderance of the evidence"standard.
When these enhancements were not removed and sufficient point(given)
corresponding time credited to me in sentence reduction, I logic-
ally requested counsel to appeal anew. They did not do this.

As per the Strickland v. Wash., 466 US at 694 104 S. Ct.
2052 and other "tests" for ineffective assistance of counsel deter-
mination, the existant prongs for comparison state that one must
demonstrate that there is reasonable probability that except for
counsel's unprofessional behavior, errors, etc. and omissions
that the results of the proceeding(in the instant case my re-sen-
tencing event and all that ensued) would have been different.

The above is best illustrated in that had counsel then as
per my instruction appealed my re-sentencing event with a new
Direct Appeal that I would have received the opportunity to argue
the enhancement issues in my case again while on Direct or perhaps
certiorari if I had been thus denied, and that I would not pres-
ently be on a collateral attack form of appeal (§ 2255) wherein
except for the indirect method of citing ineffective counsel as
to an attack against enhancements and their removal, where I am
specifically prohibited from direct argument against enhancements.
Certainly the results of my then re-sentence proceeding would
have been different in the sense of Strickland, Supra. and as
per Weatherwax, 71 F. 3d. at 1493(wherein I am the client and accused
defendant had the ultimate authority to ask for a new second Direct
Appeal) meeting all requirements that except for counsel's errors
the situation would have changed dramatically.

Moreover, via Roe v. Flores-Ortega, 528 US 470 120 S. Ct.
1029 145 L. Ed. 2d 985 (2000) and even wherein no prejudice can
be or is shown in such a situation (and where I can definitely
demonstrate it as explained herein), if a Direct Appeal is requested
by the defendant, then counsel must implement it. And also via
precedent, even if counsel stated that NO appeal was likely or
applicable (my counsel did not say this, they just disregarded
the reality of the situation and my wishes, etc.), then counsel
was obligated to file a notice of appeal (upon my asking) via
Garcia v. U.S., 278 F. 3d 134(2nd Cir. 2002) with an accompanying
Anders Brief reiterating the impossibility of appeal while also
addressing the grounds of the client. None of this was performed
by counsel either, further attesting to their ineffective assist-
ance to my case, person and cause or instructions, etc.

-5-

**Ground One Continued...**

A.

Additionally and as per Campusano v. U.S., ___ F. 3d. ___ 2006 WL 751360; an Evidentiary Hearing is at the very least warranted under the provisions and procedures for § 2255 Petitions and filings. This, to determine what transpired with the understood conclusion, simply because the Petitioner requested it from counsel and it was not performed, a new second Direct Appeal granted as in "out-of-time form or fashion.

Had the gun either been removed from enhancement my sentence would have been different or under new Direct Appeal I would be in the Circuit Court instead of on collateral for same.

**B. Ground Two Continued ...**

This, with the active principle being for the argument and preservation of rights for the removal of priors from the Crim. History calculation and wherein the character, time served for each, nature, the presentation of all original records for each prior to usage (including Plea Colloquys, Arrest Record etc.) to distinguish between the mere presentation of P.S.I. listed priors for recidivism purposes BEING PROHIBITED and other concepts MUST FIRST BE complied with as well as while including the each case specific admission or stiuplation to priors by the herein Petitioner for overall validity in their application toward sentence. Counsel performed none of the above and was therefore against Petitioner instruction and wishes, additionally ineffective in their assistance in this sense.

Given also that one or more of my priors is disqualifiable from federal sentence calculation usage as per record; my final Crim. Hist. Category and sentence would have then been different if counsel would have exercised the above.

## Conclusion

Given the above and the herein the Petitioner requests that his sentence be vacated, set aside as pronounced and that he be returned to second Direct Appeal status, out-of-time following at the discretion of the Court, a remand and Evidentiary Hearing via the data as respectfully offered to the Hon. Court in the case at Bar.

Dated: 7-14 , 2006

Submitted as pursuant to Title 28 USC § 1746

Respectfully Submitted,

*Kelly Elizabeth Munnings*

Kelly Elizabeth Munnings, Pro-Se

REG# 66268-061 c/o FCI Camp B-3
POB "A"
Alderson, W. VA 24190

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
BARBARA A. HARRIS
FEDERAL PRISON CAMP
DEPARTMENT OF JUSTICE
ALDERSON, WV 24910
My Commission Expires December 7, 2009

-6-

AO 243 (Rev. 5/85)

D. Ground four : _____ N/A All _____

Supporting FACTS (state *briefly* without citing cases or law): _____
N/A All

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

        None of the Grounds One or Two as herein tendered for Court con-
sideration in that they were not evident until counsel abjectly failed
to follow the Petitioner post-resentencing instructions for a new Direct
Appeal. An event which would have principally sought the removal of his
enhancements and the removal of priors from sentence calculation. The herein
Petitioner is a layman to the law unaware and uninformed who invokes

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐ No ☒   [ And Via Antonelli v. Sheahan,        Haines v. Kerner for his plead-
            81 F. 3d 1422,1427 (7th Cir. 96)etc.]  ings in general.(404 519,520-21)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing _____ Atty. Stephen M. Mirko  of 106 So. Main St. Suite 704 in
            Butler, Pa. 16001-5957

    (b) At arraignment and plea _____
            Same

    (c) At trial _____ N/A Pled Out _____

    (d) At sentencing _____ Same _____

-7-

AO 243 (Rev. 5/85)

(e) On appeal _____ ___ _____

_____

(f) In any post-conviction proceeding ___None, the instant § 2255 Petition: is my only

___Collateral attack vehicle and is done Pro-Se as I am indigent etc.

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____ None, N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒        Only Count One was applied for sentence

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☒ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: __State Level__

___The Crawford Co. Court located in Meadville, Pa. 16335-2696___

___(Charges directly related to the instant federal imprisonment;___

___and same drug-related crime) wherein I face 6-24 mos. consecutive sen-

(b) Give date and length of the above sentence: _____
___tence to the federal term as described herein

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☒ No ☐        Contemplated for filing; seeking concurrence for state
level portion of sentence as imposed linked to current
federal crime for same drug-related crime, etc.

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.


___None, A Pro-Se Action As Filed___
Signature of Attorney (if any)


I declare under penalty of perjury that the foregoing is true and correct. Executed on

_July 14_ ,2006
(date)

*Kelly Elizabeth Munnings*
Signature of Movant
KELLY ELIZABETH MUNNINGS, PRO_SE
-8-     REG# 66268-061   FCI CAMP B-3
POB "A"
Alderson, W VA 24910

## CERTIFICATE OF MAILING

I, ___KELLY ELIZABETH MUNNINGS_____, under penalty of perjury,

hereby certify that on this _24_ day of _July_____, 20 _06_ ,

I placed an envelope containing the Original and _3_ copies of the following

documents in the control of prison authorities by depositing the envelope in

the institution mailbox designated for all outgoing inmate legal mail:

   1. "§ 2255 Habeas Petition For Case # _CR04-02 Erie_ "Appeal

   2.                         In the Erie Div. W.D. Pa. Fed. Ct.

   3.

   4.

   5.

   6.

   7.

   8.

addressed to the **Clerk of Court,** _USDC For West. D. Pa. Erie Div._

_17 S. park Row Erie, Pa. 16501_____ , first-class postage

rate.

   Therefore, in accordance with the federal rules governing filing procedures

and the "mailbox rule" established in _Houston v. Lack_, 487 U.S. 266 (1988), the

foregoing documents are deemed "filed" for the purposes of this action.

              Signed: _Kelly E. Munnings_

                  Kelly Elizabeth Munnings REG# 66268-061
                  FCI CAMP B-3  POB "A"
                  ALDERSON, W VA 24910

STATEMENT IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

**SCANNED**

UNITED STATES OF AMERICA

     vs.

Kelly Elizabeth Munnings

_____

    (Movant)

"A § 2255 Habeas Action As Filed"

Case No. : To Be Assigned

**CA 06-168 E**

I, __KELLY ELIZABETH MUNNINGS__ _____, declare under penalty of perjury, that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I declare that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor and that I am entitled to relief.

1.  Are you presently employed?    Yes ( )  No (x)

    a.  If the answer is "Yes," state the amount of your salary or wages per month and give the name and address of your employer. _____

      None, due to extended incarceration

_____

    b.  If the answer is "No," state the date of your last employment, the amount of the salary or wages per month which you received. _____

          None due to extended incarceration

2.  Have you received within the past twelve (12) months, any money from any of the following sources?
    a.  Business, profession or form of self-employment?  Yes ( )  No (x)
    b.  Rent payments, interest or dividends?  Yes ( )  No (x)
    c.  Pensions, annuities or life insurance payments?  Yes ( )  No (x)
    d.  Disability or workers compensation payments?  Yes ( )  No (x)
    e.  Gifts or inheritances?  Yes ( )  No (x)
    f.  Any other sources?  Yes ( )  No (x)

If the answer to any of the above is "Yes," describe each source of money and state the amount received from each during the past twelve months. _____

    None, I am indigent and incarcerated, with excellent cause

    for appeal as documented by attorney omissions on record

-10-

'06 JUL 28 AM 57 CLERK DISTRICT COURT

3. Do you own any cash, or do you have money in a checking or savings accounts? (Include any funds in prison accounts).  Yes ( )  No (x)  ⁕ Prison Account Statement Forthcoming

If the answer is "yes," state the total value of the items owned.

None, Indigent and incarcerated

4. Do you own any real estate, stocks, bonds, securities, or other valuable property (excluding ordinary household furnishings and clothing)?  Yes ( )  No (x)

If the answer is "yes," describe the property and state its approximate value:_____

None

5. List the persons who are dependent upon you for support, state your relationship to those persons and indicate how much you contribute to their support._____

None, I am incapable of support due to extended incarceration

I declare under penalty of perjury that the above information is true and correct.

Executed on _July 24_, 2006     _Kelly E Munnings_
              (Date)              (Petitioner's Signature or
                                  Signature of Petitioner's Representative)

                    Kelly Elizabeth Munnings  REG# 66269-061
                    CERTIFICATE   c/o FCI Camp B-3  POB "A"
                                  Alderson, W VA 24910

I hereby certify that the petitioner herein has the sum of $ _97.46_ on account to his credit at the

_Federal Prison Camp Alderson WV 24910_ institution where he

confined.  I further certify that petitioner likewise has the following securities to his credit according to the

records of said _____ institutions:_____

                              _Anne Baldwin  Cashier_
                              Authorized Officer of Institution