AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Western D. Pa. Erie Div. |
|---|---|
| Name of Movant  Daniel Hines | Prisoner No. 66269-061 | Case No. 04-2 Erie Div. |
| Place of Confinement | FCI Schuylkill POB 759 Minersville, Pa. 17954 |

UNITED STATES OF AMERICA    v.    Daniel Hines
(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack  USDC For The Western D. Penna. Erie Div.  17 South Park Row, Erie, Pa. 16501 [Via Judge S.J. McLaughlin]

2. Date of judgment of conviction  11/22/04

3. Length of sentence  140 Mos. Fed. Incarceration Originally[With 5 Mos. Effective later Reduct

4. Nature of offense involved (all counts)  Count One: Consp. To Manufact., Poss. W. Int. To Dist. 50g or more of Methamphetamine (Schdl II Control Subst.) viol. of 21 USC § 846 ; Violations of and as per the below Counts also (which were dismissed upon Plea)

    Count II: 21 USC § 841 (a)(1) & § 841 (b)(1)(A)(viii) [18 USC § 2 ] "Manufact. > 50 grams Meth. ; Count III: Poss W. Int. Distr. Meth. > 50 grams 21 USC §§ 841 (a)(1) (b)(1)(A)(viii); Count IV & V: Poss. Of List I Chem. W. Int. Manufact. Meth. 21 USC § 841(c)(1)

5. What was your plea? (Check one)
   (a) Not guilty     ☐
   (b) Guilty         ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Pled Guilty To Count One As Cited.

   [All Other Counts II thru V Dismissed Following Plea Agreement Etc.]

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury          ☐
   (b) Judge only    ☐     N/A Pled Out Via Plea Agreement

7. Did you testify at the trial?
   Yes ☐  No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

-1-

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following

   (a) Name of court __Filed Direct Appeal to US 3rd Cir. Ct. 21400 US Courthouse__
   __601 Market St. Phila., Pa. 19106-1790__
   (b) Result __Via remand, 18 USC 742(f), (1) and (2) received as per Booker, 125 S. Ct. 738 (2005)__ **a net, effective 5 months reduction in sentence (from 140 mos. to 135)**
   (c) Date of result _____
   __Date of result: 8/2/05__ on re-sentencing hearing w. Amended Judgement issued on 8/4/05

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court _____ N/A All _____
    
    (2) Nature of proceeding _____ " _____
    
    _____ " _____
    
    (3) Grounds raised _____ " _____
    
    _____
    
    _____
    
    _____
    
    _____
    
    _____
    
    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☐
    
    N/A All
    (5) Result _____
    " 
    (6) Date of result _____

  (b) As to any second petition, application or motion give the same information:
    " 
    (1) Name of court _____
    " 
    (2) Nature of proceeding _____
    " 
    _____
    " 
    (3) Grounds raised _____
    
    _____
    
    _____
    
    _____

-2-

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result _____ N/A All _____

(6) Date of result _____ " _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐ No ☐    N/A All    My instant § 2255 action habeas filing is my only post-Direct Appeals filing to date.
(2) Second petition, etc.  Yes ☐ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Not knowing the true ramifications of my then re-sentencing counsel NOT having filed a new Notice Of Appeal on my behalf, I sought advice as to what was the appropriate remedy if any to this dilemma; wherein I returned on Circuit Court ordered remand to have enhancement based points removed from my sentence caluculation and when they were not removed etc. as herein described. Recurring to §2255 filings because such an act as the above refers to prejudicial ineffectiveness of counsel behavior, I file the instant action seeking the re-instatement as based on argumentation of my new, second sentence time Direct Appeal (and later S. Ct. rights should a 2nd Direct fail) rights as should have been exercised upon my then instruction to do so but were not through counsel's poor behavior.

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

-3-

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: <u>Citing a combination of the above accepted grounds; (i) & (j)</u>
<u>I was denied my corresponding second new direct appeal following a remand</u>
<u>re-sentencing in relation to Booker, etc. via ineffective assistance of</u>
Supporting FACTS (state briefly without citing cases or law) <u>counsel.</u>

Via a 18 USC 3742(f)(1) & (2) summary remand to District court : via Booker, 125 S. Ct. 738(2005) from the 3rd Cir. Ct. Of Appeals to and for the W.D. Of Pa. (Erie) Div. Court my counsel of record as noted herein after my not having received appropriate reductions in sentence as to the removal of enhancements and my only having received a 5 month net reduction unrelated to same; counsel DID NOT EVEN WITH MY SPECIFIC INSTRUCTION TO DO SO, FILE ANOTHER Direct appeal upon this re-sentence event to my dis-satisfaction as was my right post-August 2, 2005. Nor was I through this same error and lack of counsel to file direct as I requested, then either afforded certiorari opportunities to the Supreme Court following new Direct filings. (Please See Attached; Pages <u>5,6</u>) Wherein my enhancement was for a "gun" under USSG § 2D1.1(b)(1) for two(2) points added in scoring.

B. Ground two: Also citing ineffectiveness of counsel in his assistance, even with the Petitioner's instruction to to so, counsel did not argue his "priors"
Supporting FACTS (state briefly without citing cases or law): <u>as impermissible for sentence</u>
<u>calculation usage.</u>

Even with Petitioner's specific instruction to do so, then counsel did not argue against the usage of all priors for sentence determination via the principles as contained in the array of : Greer, 4:04-CR-06(CDL) 2005 US D Lexis 2796 as decided; Feb. 17, 2005; Shepard, 125 S. Ct. at 1262; U.S. v. Wash, 404 F. 3d 834, 841-42 (4th Cir. 2005); Glenn, Dkt. No. 04-2394 CR US 2nd Cir. Ct. App. as decided Feb. 3, 2005. (Please See Attached Page 6)

C. Ground three: 
N/A

Supporting FACTS (state briefly without citing cases or law): 
N/A

-4-

Ground One Continued...

A.   ...new Direct filings ... Or other like fashion appeals which were not collateral in nature. i.e. the enhancement prohibitive as to argument and grounds presentation phase which I am forced to utilize now due to counsel's ineffectiveness, etc.

   The purpose of my aforementioned remand was to deal with and seek the jury standards review of my then applied sentence time determinant enhancements as noted. This not to be accomplished by a judicially confined "preponderance of the evidence" standard. When these enhancements were not removed and sufficient point(given) corresponding time credited to me in sentence reduction, I logically requested counsel to appeal anew. They did not do this.

   As per the Strickland v. Wash., 466 US at 694 104 S. Ct. 2052 and other "tests" for ineffective assistance of counsel determination, the existant prongs for comparison state that one must demonstrate that there is reasonable probability that except for counsel's unprofessional behavior, errors, etc. and omissions that the results of the proceeding(in the instant case my re-sentencing event and all that ensued) would have been different.

   The above is best illustrated in that had counsel then as per my instruction appealed my re-sentencing event with a new Direct Appeal that I would have received the opportunity to argue the enhancement issues in my case again while on Direct or perhaps certiorari if I had been thus denied, and that I would not presently be on a collateral attack form of appeal (§ 2255) wherein except for the indirect method of citing ineffective counsel as to an attack against enhancements and their removal, where I am specifically prohibited from direct argument against enhancements. Certainly the results of my then re-sentence proceeding would have been different in the sense of Strickland, Supra. and as per Weatherwax, 71 F. 3d. at 1493(wherein I am the client and accused defendant had the ultimate authority to ask for a new second Direct Appeal) meeting all requirements that except for counsel's errors the situation would have changed dramatically.

   Moreover, via Roe v. Flores-Ortega, 528 US 470 120 S. Ct. 1029 145 L. Ed. 2d 985 (2000) and even wherein no prejudice can be or is shown in such a situation (and where I can definitely demonstrate it as explained herein), if a Direct Appeal is requested by the defendant, then counsel must implement it. And also via precedent, even if counsel stated that NO appeal was likely or applicable (my counsel did not say this, they just disregarded the reality of the situation and my wishes, etc.), then counsel was obligated to file a notice of appeal (upon my asking) via Garcia v. U.S., 278 F. 3d 134(2nd Cir. 2002) with an accompanying Anders Brief reiterating the impossibility of appeal while also addressing the grounds of the client. None of this was performed by counsel either, further attesting to their ineffective assistance to my case, person and cause or instructions, etc.

-5-

Ground One Continued...

A.

        Additionally and as per <u>Campusano v. U.S.</u>, ___ F. 3d.___ 2006 WL 751360; an Evidentiary Hearing is at the very least warranted under the provisions and procedures for § 2255 Petitions and filings. This, to determine what transpired with the understood conclusion, simply because the Petitioner requested it from counsel and it was not performed, a new second Direct Appeal granted as in "out-of-time form or fashion.
        And wherein with the removal of the 2 point gun enhancement my final sentence would have been lesser, and or with new Direct Appeal I would have had the opportunity to re-argue this pojnt.

B. Ground Two Continued ...

        This, with the active principle being for the argument and preservation of rights for the removal of priors from the Crim. History calculation and wherein the character, time served for each, nature, the presentation of all original records for each prior to usage (including Plea Colloquys, Arrest Record etc.) to distinguish between the mere presentation of P.S.I. listed priors for recidivism purposes BEING PROHIBITED and other concepts MUST FIRST BE complied with as well as while including the each case specific admission or stiuplation to priors by the herein Petitioner for overall validity in their application toward sentence. Counsel performed none of the above and was therefore against Petitioner instruction and wishes, additionally ineffective in their assistance in this sense.
        Given also that one or more of my priors is disqualifiable from federal sentence calculation usage as per record; my final Crim. Hist. Category and sentence would have then been different if counsel would have exercised the above.

### Conclusion

        Given the above and the herein the Petitioner requests that his sentence be vacated, set aside as pronounced and that he be returned to second Direct Appeal status, out-of-time following at the discretion of the Court, a remand and Evidentiary Hearing via the data as respectfully offered to the Hon. Court in the case at Bar.

Dated: 7-5 ,2006

Submitted as pursuant to Title 28 USC § 1746

Respectfully Submitted,

Daniel Hines , Pro-Se
REG# 66269-061
FCI Schuylkill P.O. Box 759
Minersville, Pa. 17954

AO 243 (Rev. 5/85)

D. Ground four: _____ N/A All _____

Supporting FACTS (state *briefly* without citing cases or law): _____
N/A All

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

None of the Grounds One or Two as herein tendered for Court consideration in that they were not evident until counsel abjectly failed to follow the Petitioner post-resentencing instructions for a new Direct Appeal. An event which would have principally sought the removal of his enhancements and the removal of priors from sentence calculation. The herein Petitioner is a layman to the law unaware and uninformed who invokes

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒  [ And Via Antonelli v. Sheahan,    Haines v. Kerner for his pleadings in general.(404 519,520-21)
   81 F. 3d 1422,1427 (7th Cir. 96)etc.]

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing __Atty. Thomas Patton of 111 Renassance Center 1001 State St.
Erie, Pa. 16501 (Via Public Defenders Office)

(b) At arraignment and plea __same__

(c) At trial __N/A Pled Out__

(d) At sentencing __same__

-7-

AO 243 (Rev. 5/85)

(e) On appeal ___For Mr. Patton; upon appeal Atty. Reneee Pietrapaolo of 1450 Liberty Center
1001 Liberty Ave. Pittsburgh, Pa. 15222-3714___

(f) In any post-conviction proceeding ___None, the instant § 2255 Petition: is my only
Collateral attack vehicle and is done Pro-Se as I am indigent etc.___

(g) On appeal from any adverse ruling in a post-conviction proceeding _____
___None, N/A___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒    Only Count One was applied for sentence

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☒ No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: ___State Level___
The Crawford Co. Court located in Meadville, Pa. 16335-2696
(Charges directly related to the instant federal imprisonment;
and same drug-related crime)  wherein I face 9-36 mos. consecutive sen-
(b) Give date and length of the above sentence: ___tence to the herein referred to federal term, etc.___

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☒ No ☐    Contemplated for filing; seeking concurrence for state level portion of sentence as imposed linked to current federal crime for same drug-related crime, etc.

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

___None, A Pro-Se Action As Filed___
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
___7-5___, 2006
(date)

*Daniel Hines*
Signature of Movant
Daniel Hines, REG# 66269-061 , PRO-SE
FCI SCHUYLKILL POB 759
Minersville, Pa. 17954

-8-

## CERTIFICATE OF MAILING

I, __DANIEL HINES REG# 66269-061__, under penalty of perjury, hereby certify that on this __5__ day of __July__, 20__06__, I placed an envelope containing the Original and __3__ copies of the following documents in the control of prison authorities by depositing the envelope in the institution mailbox designated for all outgoing inmate legal mail:

1. "§ 2255 Habeas Petition For Case # __04- 2 Erie Div. of__ "Appeal W.D. Pa. Fed. Court
2.
3.
4.
5.
6.
7.
8.

addressed to the **Clerk of Court,** __USDC For West. D. Pa. Erie Div.__ __17 S. park Row Erie, Pa. 16501__, first-class postage rate.

Therefore, in accordance with the federal rules governing filing procedures and the "mailbox rule" established in Houston v. Lack, 487 U.S. 266 (1988), the foregoing documents are deemed "filed" for the purposes of this action.

Signed: *Daniel Hines*

Daniel Hines REG# 66269-061
FCI Schuylkill
POB 759
Minersville, Pa. 17954